Church, Ch. J.
We think that the plaintiffs were not entitled to deduct the check of $1,500, to Leary, from the balance due Blagge & Co. A check upon a bank does not operate as an assignment of the money deposited, specified in it. This has been repeatedly decided in this court. (3 Coms., 93; 2 Seld., 412.) A check is said to be a bill of exchange payable on demand. The drawee owes no duty to the holder until the check is presented and accepted. (Id.) The statement of the clerk to the holder, that the check was in order and would be paid before the attachment was served, is of no avail. A parol acceptance is not valid. (1 R. S., 768.) The promise did not bind the bank, and no action would lie upon it in favor of the holder. The case of Bullard v. Randall (1 Gray, 605) was similar in its circumstances to this; and the court held that they would not avail against the lien of a trustee process, served before the check actually reached the bank. When the attachment was served the check had neither been accepted, certified, or paid, nor had it *154 in fact been presented for payment. The intervention of the attachment was without the fault of the plaintiffs, and they were in no way liable on account of the verbal statement that it would be paid. By leaving this amount to the credit of Blagge & Co., the mistake of the lesser sum of $1,000 was immaterial.
The point that the attachment was against Blagge alone is not available. In the first place both parties alleged in the pleadings that it was against the firm, and the money was paid upon that assumption; and it is conceded that it was issued to collect a firm debt. A copy of the attachment was served upon the plaintiffs, and they could not allege payment by mistake in that respect. They are chargeable with knowledge of the contents of the attachment, and the payment was voluntary upon the attachment as issued.
The judgment must be affirmed.
All concur.
Judgment affirmed.